Filed 8/5/16  P. v. Ramirez CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H042966 |
| Plaintiff and Respondent, | (Monterey County Super. Ct. Nos. SS142280A, SS151352A) |
| v. | |
| GUADALUPE RAMIREZ, | |
| Defendant and Appellant. | |

Defendant Guadalupe Ramirez appeals after he was sentenced to a 16-month prison term for convictions of possessing drugs or alcohol in jail or prison (Pen. Code, § 4573.8)[1] and carrying a concealed dirk or dagger (§ 21310), with a concurrent 365-day jail term for a conviction of misdemeanor resisting an executive officer (§ 69).

On appeal, defendant's appointed counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 that states the case and facts, but raises no issue.  We notified defendant of his right to submit written argument on his own behalf within 30 days.  The 30-day period has elapsed and we have received no response from defendant.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

Pursuant to *People v. Wende, supra,* 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106, we have reviewed the entire record. Following the California Supreme Court's direction in *People v. Kelly, supra,* at page 110, we provide a brief description of the facts and the procedural history of the case.

## FACTUAL AND PROCEDURAL BACKGROUND

On April 23, 2015, the District Attorney filed a first amended complaint in case No. SS142280A, charging defendant with possessing a weapon while in custody in a penal institution (count 1; § 4502, subd. (a)) and possessing drugs or alcohol in jail or prison (count 2; § 4573.8).[2] At a hearing that day, the complaint was further amended to charge defendant with carrying a concealed dirk or dagger (count 3; § 21310), and defendant thereafter pleaded no contest to counts 2 and 3. At the sentencing hearing held on June 18, 2015, the trial court suspended imposition of sentence and placed defendant on probation for three years. The remaining charge (count 1) was dismissed.

On August 24, 2015, the District Attorney filed a complaint in case No. SS151352A, charging defendant with resisting a peace officer and causing death or serious bodily injury (count 1; § 148.10, subd. (a)) and resisting an executive officer (count 2; § 69). The complaint alleged that defendant had three prior convictions that qualified as strikes (§ 1170.12) and that he had served one prior prison term (§ 667.5, subd. (b)).

On October 22, 2015, the District Attorney amended count 2 in case No. SS151352A to charge the violation of section 69 as a misdemeanor. Defendant then pleaded no contest to that count, and the trial court found defendant in violation of his

---

[2] At the time, defendant was in jail following his no contest plea, in case No. SS111700A, to possession of a firearm by a felony (§ 12021, subd. (a)(1)) and his admission to a gang allegation (§ 186.22, subd. (b)(1)) and a strike enhancement (§ 1170.12, subd. (c)(l)).

probation in case No. SS142280A.  The remaining charge (count 1) and special allegations were dismissed.

At the sentencing hearing held on November 5, 2015, the trial court imposed a 365-day county jail sentence in case No. SS151352A, to be served concurrently with the term for case No. SS142280A.  In case No. SS142280A, the trial court imposed the lower term of 16 months for count 2 and a concurrent 16-month term for count 3.

## DISCUSSION

Having carefully reviewed the entire record, we conclude that there are no arguable issues on appeal.  (*People v. Wende*, *supra*, 25 Cal.3d at pp. 441-443.)

## DISPOSITION

The judgment is affirmed.

_____
BAMATTRE-MANOUKIAN, J.

WE CONCUR:



_____
ELIA, ACTING P.J.




_____
MIHARA, J.